[Cite as *State v. Pierce*, 2014-Ohio-5258.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

| | |
|---|---|
| STATE OF OHIO | C.A. No. 27204 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LAMAR A. PIERCE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 11 3005(C) |

DECISION AND JOURNAL ENTRY

Dated: November 26, 2014

HENSAL, Judge.

{¶1}   Lamar Pierce appeals his conviction for burglary in the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}   On October 25, 2011, a homeowner called the Bath police department to report that there were men trying to get into her house.  Although the men left when they saw the homeowner through a window, she provided the police with a description of their vehicle. Officers located the vehicle shortly thereafter and a chase ensued, which ended when the vehicle crashed into a ditch.  The Grand Jury indicted Mr. Pierce, the driver of the vehicle, for two counts of burglary, two counts of failure to comply with the order or signal of a police officer, and one count of driving under suspension.  At trial, Mr. Pierce's accomplices, Michael Davis and Antonio Jones, testified against him.  The jury found him guilty of one burglary count, the failure to comply counts, and the driving under suspension count, and the trial court sentenced

him to a total of eight years imprisonment. Mr. Pierce has appealed, arguing that his conviction for burglary is against the manifest weight of the evidence.

## II.

## ASSIGNMENT OF ERROR

THE JURY CLEARLY LOST ITS WAY WHEN IT FOUND THE APPELLANT GUILTY OF BURGLARY WHERE THE EVIDENCE WAS NOT CREDIBLE OR RELIABLE AND CONSISTED OF SNITCH TESTIMONY.

{¶3} Mr. Pierce argues that his burglary conviction is against the manifest weight of the evidence. If a defendant asserts that a conviction is against the manifest weight of the evidence:

[A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013–Ohio–5785, ¶ 32, citing *Otten* at 340.

{¶4} The jury found Mr. Pierce guilty of burglary under Revised Code Section 2911.12(A)(1). That section provides:

No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense[.]

R.C. 2911.12(A)(1).

{¶5} According to Mr. Pierce, his burglary conviction is against the manifest weight of the evidence because there was no physical evidence to establish that he burglarized the house and the testimony of Mr. Davis and Mr. Jones cannot be believed. He notes that Mr. Davis and Mr. Jones both admitted that they received favorable treatment from the State in exchange for their testimony. He also notes that, because the homeowner did not testify, her observations were admitted only second-hand through law enforcement officers. He argues that the evidence supports, at best, a conviction for trespassing or attempted burglary.

{¶6} Mr. Davis and Mr. Jones testified that they drove with Mr. Pierce from Cleveland to Bath in order to commit a burglary. Mr. Davis testified that they wanted to target a house where nobody was home, so when they got to the victim's house, Mr. Pierce knocked on the door. When no one answered, he and Mr. Pierce went around to the back of the house, looking for a way in. At the back of the house was an enclosed patio. According to Mr. Davis, Mr. Pierce entered the patio while he stayed on the staircase. When they spotted the homeowner looking at them through a back window, however, they ran back to the vehicle.

{¶7} Mr. Jones testified that, when they arrived at the house, Mr. Pierce and Mr. Davis got out of the vehicle while he remained inside. He corroborated that Mr. Pierce knocked on the front door then headed to the backyard. Mr. Jones testified that, 30 seconds after Mr. Pierce and Mr. Davis disappeared behind the house, they came rushing back to the vehicle. Both Mr. Davis and Mr. Jones admitted that the State reduced its charges against them after they agreed to testify against Mr. Pierce.

{¶8} Officer Scott Borton testified that, when he arrived at the scene, the homeowner was still stressed and a little scared. She told him that, although she heard the men at her front door, she did not answer it because she was in her pajamas. Shortly thereafter, she heard

someone pulling on the rear doors of the house, so she went to look out a back window and saw a man coming from her enclosed porch. When the men noticed her, they ran back to their vehicle.

{¶9} In determining whether a conviction is against the manifest weight of the evidence, this Court has recognized that issues of credibility are primarily reserved for the trier of fact. *State v. Carr*, 9th Dist. Summit No. 26661, 2014-Ohio-806, ¶ 42. "This Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge only because the trier of fact chose to believe certain witness[es]' testimony over the testimony of others." *State v. Hill*, 9th Dist. Summit No. 26519, 2013–Ohio–4022, ¶ 15. The fact that an accomplice of the defendant has received leniency in exchange for his testimony does not, necessarily, make his testimony incredible. *See State v. Abel*, 9th Dist. Lorain No. 08CA009506, 2009-Ohio-2516, ¶ 34; *State v. Figueroa*, 9th Dist. Summit No. 22208, 2005-Ohio-1132, ¶ 11.

{¶10} Mr. Pierce argues that Mr. Davis's and Mr. Jones's testimony cannot be believed. The trial court warned the jury that their testimony "should be viewed with grave suspicion and weighed with great caution," *See* R.C. 2923.03(D). We presume that it followed the court's instruction. *See State v. Garner*, 74 Ohio St.3d 49, 59 (1995). It, nevertheless, found Mr. Pierce guilty of the offenses. Upon careful review of the record, we conclude that this is not the exceptional case where the jury lost its way when it found Mr. Pierce guilty of burglary. Mr. Pierce's assignment of error is overruled.

### III.

{¶11} Mr. Pierce's burglary conviction is not against the manifest weight of the evidence. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

PATRICIA J. SMITH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.